# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW SWANK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:13-cv-01185 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAMES PAOLICELLI, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. 2:14-cv-00267 |
| Plaintiff, | ) ) | Judge Mark R. Hornak |
| v. | ) ) | |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

In each of these cases, former Assistant Store Managers of the Defendant Wal-Mart Stores, Inc. ("Wal-Mart") sue to recover allegedly unpaid overtime pay. They say that they earned this pay when they worked more than forty (40) hours in a workweek, but were not paid the premium pay for hours worked over forty in a workweek that is required by both federal and state law. In *Paolicelli*, the Plaintiff seeks to represent, in a collective action, other Assistant Managers who claim such an entitlement under federal law, namely the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*. In that case, the *Swank* Plaintiffs, Messrs. Swank and McCracken, have already opted-in as Plaintiffs. ECF Nos. 6, 7. In *Swank*, the Plaintiffs Swank and McCracken seek to represent a class of Assistant Store Managers in a Rule 23 class action,

asserting similar rights and claims under the Pennsylvania Minimum Wage Act ("PMWA") Pa. Stat. Ann., tit. 43, § 333.101 *et seq*. The Plaintiff in *Paolicelli* would also appear to fall within the definition of the plaintiff group in *Swank*.[1]

The Defendant has moved to dismiss[2] the Second Amended Complaint in *Swank*. ECF No. 32. Due to the overlap described above, the Plaintiffs have moved to consolidate the cases, ECF No. 18 in 14-267, and it is appropriate to consider these cases, and these Motions, at the same time.

The principal thrusts of the Defendant's efforts to dismiss *Swank* are the assertions that Plaintiffs have failed to plead that Assistant Managers across Pennsylvania work more than forty (40) hours in a work week, and that under no set of circumstances could the *Swank* case ever be certified as a class action pursuant to Rule 23. Therefore, says the Defendant, *Swank* should be

---

[1] Plaintiffs have made a bit of a hash of the pleadings, and Defendants have not helped much either. *Swank* is a Rule 23, Pennsylvania law only case. *Paolicelli* is at this point an FLSA-only federal law collective action. Now, Plaintiffs want to file a Second Amended Complaint in *Paolicelli* to make it a hybrid FLSA/Pennsylvania law class action/collective action that essentially sweeps in both cases. ECF No. 18, 18-1. The Defendant opposes that amendment request for reasons that are not very clear, but which seem to boil down to its belief that such pleading is simply an effort to "save" the *Swank* case from dismissal, and that the Plaintiffs can't win in the end. As noted below, the Court concludes that the *Swank* case does not need that life ring in any event at this point, and the test at this point is not one based on the Court's assessment of who will ultimately prevail.

As the Court explains later in this Opinion, we will need to sort out the state of the pleadings, in that the Court concludes that the Plaintiffs in *Paolicelli* should be permitted to file their Second Amended Complaint in that case. They seek to then consolidate the cases at the *Paolicelli* docket number, recognizing that the Second Amended Complaint in *Paolicelli* will for all intents and purposes sweep in the *Swank* case. Such consolidations, when permitted, are in the ordinary course at the lower of the docket numbers, in this case, that of *Swank*. In addition, due to the consideration of tolling and related doctrines relevant to the application of limitations periods, consolidation at the lower docket number may be prudent. As noted later in this Opinion, the Court will deny the Motion to Consolidate filed by the Plaintiffs without prejudice to its refiling once the pleadings in *Paolicelli* are closed out.

[2] The Defendant also later filed an Answer in *Swank*. ECF No. 42. Perhaps the Defendant did so to procedurally cut off any further amendment by the Plaintiffs. *See* Fed. R. Civ. P. 15(a). Defendant contends that its Motions remain "live" even though it has answered, and cites to two (2) cases for the proposition that its "answer after motion to dismiss" maneuver is permitted and that the Motion to Dismiss remains "live". The cases Defendant cites at ECF No. 44 deal with post-Answer motions for judgment on the pleadings. Fed. R. Civ. P. 12(c). No such motion was filed here. Nonetheless, the Court concludes that sound case administration permits considering the Defendant's arguments made in its Motion to Dismiss/Strike it filed prior to the filing of its *Swank* Answer. For the reasons noted, the Court concludes that they do not hold water at this stage of the process.

tossed from the Court' docket now. For the reasons that follow, the Motion to Dismiss the Second Amended Complaint ("SAC") in *Swank* will be denied without prejudice.

A defendant can move to strike the class allegations in a complaint pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). "The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quotation marks omitted). "To invoke this exception, every putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1),(2), or (3)." *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 590 (3d Cir. 2012) (citing Fed. R. Civ. P. 23(a)-(b)). To satisfy Rule 23(a),

> the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy).

*In re Cmty. Bank of N. Va.*, 622 F.3d 275, 291 (3d Cir. 2010) (quoting Fed. R. Civ. P. 23).

Under Rule 23(d)(1)(D), a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Because Rule 23 does not establish a uniform rule for when a court should evaluate the class allegations, there are some cases in which "discovery into the asserted claims may be required before the court should consider class certification, whereas discovery may not be necessary in others." *Zieger v. Advance Am.*, No. 13-1614, 2014 WL 7388365, at *3 (D. Del. Dec. 29, 2014). As the Supreme Court has noted:

> Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.

3

*Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "The plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion. *Id.* Accordingly, "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).

But courts grant motions to dismiss class allegations before class discovery only in "the rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 246 (E.D. Pa. 2012) (quoting *Landsman & Funk P.C. v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011)); *see also Bell v. Cheswick Generating Station*, No. 12-929, 2015 WL 401443 (W.D. Pa. Jan. 28, 2015). Thus, "[i]t is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted." *McPeak v. S-L Distribution Co.*, No. 12-348, 2014 WL 4388562, at *4 (D.N.J. Sept. 5, 2014) (citing *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011)); *see also Zarichny v. Complete Payment Recovery Servs., Inc.*, No. 14-3197, 2015 WL 249853, at *2 (E.D. Pa. Jan. 21, 2015) ("In a putative class action case . . . a plaintiff may generally conduct discovery relevant to the Rule 23 class certification requirements and a court should, therefore, only grant a motion to strike class allegations if class treatment is evidently inappropriate from the face of the complaint."). In other words, if it is possible that discovery could possibly demonstrate the viability of the class, a defendant's

motion to strike class allegations should be denied. *See McPeak*, 2014 WL 4388562, at *4 (explaining that "if the viability of a class depends on factual matters that must be developed through discovery, a motion to strike will be denied pending the full-blown certification motion") (quoting 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3.4 (7th ed. 2010)) (alteration omitted).[3]

Even a cursory examination of the Second Amended Complaint in *Swank* reveals that the Plaintiffs more than plead a plausible claim for relief, that others working as Assistant Managers at Wal-Mart in Pennsylvania are/were in the same boat as Plaintiffs, and that this case could plausibly proceed on a class basis. They plead with great detail their personal experiences while working at Wal-Mart, that the work they did was generally representative of the work of Assistant Managers, that such work was not exempt from the overtime provisions of the PMWA, and that other Assistant Managers across Pennsylvania were in the same situation. ECF No. 31 at ¶¶ 56-114.

The Defendant argues, with great fervor, that these Plaintiffs could not possibly know about the working situations of the more than 1,000 other Assistant Managers across Pennsylvania, but that is not what the SAC says. The SAC pleads that the Plaintiffs attended a number of training and other business meetings of and for Wal-Mart Assistant Managers (including them), and it appeared plain as day (to them) that there was a highly integrated, systemic approach to store operations as it affected the work of Assistant Managers, such that it was not only plausible, but likely, that a single system of work assignments to them and their peers was in force. They also allege that in training for their roles, and about the roles of others,

---

[3] This authority stems from Rules 23(c)(1)(A) and 23(d)(1)(D). *See Bell v. Cheswick Generating Station*, No. 12-929, 2015 WL 401443 (W.D. Pa. Jan. 28, 2015). As Judge Bissoon noted in *Bell*, such motions are to be rarely granted, and only where a Court concludes at the early juncture that no amount of discovery would demonstrate that a class could be maintained. *Id.* at *2.

5

it was apparent that such a comprehensive system was regularly and routinely in use and that the Assistant Managers were scheduled, assigned and paid in the same ways. *See id.*

Now, the Defendant says that these Plaintiffs could not have personal knowledge about how work (and how much work each workweek)[4] is done by Assistant Managers at every Pennsylvania store and that they have not expressly pleaded that any of those other Assistant Managers worked more than 40 hours in a workweek.

But, if the Second Amended Complaint is to be believed, and at this point the Court is constrained to do just that, *Bell* at *3, the plausibility pleading threshold has been crossed. First, any fair reading of the SAC is that all of the other Assistant Managers worked and were paid in substantially the same fashion as these Plaintiffs, including in terms of hours worked week over week. Second, under the Defendant's "how could they know" theory, only "insiders" at any employer, that is those with an intimate and personal knowledge of how the business is run from a perch at or near the top of the pyramid, could ever bring such a lawsuit. The Court cannot conclude that the PMWA, FLSA, or federal civil pleading rules, require this result. Further, at a hearing conducted in *Swank* on the Defendant's "emergency motion" to limit contact with potential Plaintiffs by Plaintiffs' counsel, ECF Nos. 19, 30, the Defendant adduced testimony[5] from the Store Manager at the Pittsburgh Mills store where the Plaintiffs worked for part of their

---

[4] The Defendant argues that the Plaintiffs do not actually allege that other Assistant Managers worked more than 40 hours in a work week. That conclusion turns a blind eye to the detailed factual averments (and the plausible inferences that may be drawn from them) of the Second Amended Complaint in *Swank*, and in particular ¶¶ 50, 56, 101 and 111. It also seems to the Court that the inference that the Defendant's argument suggests, namely that Assistant Managers spread across the Commonwealth do not work more than 40 hours in a workweek, is and will be a pretty easy fact to establish or not, since it is likely that the Defendant has business records that would demonstrate that, or not, in a rather organized fashion.

[5] The witness was Ms. Carol Ann Williams. Her testimony was introduced in an effort to demonstrate that Assistant Store Managers had a high level of wide-ranging independent discretion and authority such that they should be treated as a "client" for privilege and related purposes in conjunction with the Defendant's motion to bar contact with them by counsel.

tenure. Her testimony certainly generally supported the inference of a highly-standardized operation of Wal-Mart stores vis-à-vis Assistant Managers, as alleged by Plaintiffs.

Perhaps, when the issue arrives at the decision point as to whether these cases can proceed to disposition as class or collective actions,[6] or on the merits of the Plaintiffs' claims and the Defendant's defenses, the Defendant will prevail. At this point, however, that is not the question to be addressed. Now, the issue is whether the allegations of the Second Amended Complaint in *Swank*, if true, are enough to get to the next step, and past a Motion to Dismiss. In the Court's estimation, they are. To be sure, the Plaintiffs are not without personal experience, and the Second Amended Complaint pleads in detail what they say they saw, heard, and did in regard to how the Defendant told them it assigned duties to Assistant Managers, and as to the relevant pay practices for Assistant Managers generally. Then, they lay out a detailed foundation from which a permissible inference could be drawn that supports the conclusion that it was pretty much the same for Assistant Managers across Wal-Mart's stores in Pennsylvania. Is that the only possible inference? No, but at this stage of the proceedings, the Court is tasked with determining whether such a permissible, plausible inference exists.[7] The Court concludes that it does, so the

---

[6] The Court finds no merit to Defendant's arguments relative to Rule 23's application on numerosity grounds, since as plausibly pled, the SAC makes allegations that sweep in at least hundreds of potential class members. Nor does the Court buy (at this point) the Defendant's argument regarding the asserted date scope of the class (August 2010 on) based on the dates of Plaintiffs' employment. If anything, that goes to the issue of class definition rather than viability *vel non* of the SAC. Likewise, the Defendant's attacks on commonality and typicality ring hollow at this early stage, and in the context of a consideration of the allegations of the SAC. If those averments are factually accurate, they plausibly assert a basis that more than checks the Rule 23 commonality and typicality boxes. Over and over, the Defendant's arguments seem to be based on an assumption that Plaintiff's allegations regarding the existence of an overreaching application of statewide, systemic operating procedures relative to Assistant Managers and in violation of the PMWA/FLSA cannot possibly be true. The problem with that contention is that the Court must treat them as true at this point. If they are, they provide the requisite "fit" for Rule 23 treatment. If it turns out that discovery shows that they are not, or are not as expansive as the Plaintiffs posit, then the outcome at that point may be quite different.

[7] As noted above, the Court is to consider whether discovery could plausibly and reasonably demonstrate the viability of class treatment. In the Court's judgment, that is plainly the case here. By the same token, if, as the Defendant intimates, Assistant Managers statewide do not routinely work more than 40 hours per workweek, discovery as to its own pay records will put that issue to bed both quickly and conclusively.

Motion to Dismiss is denied, without prejudice to the reassertion of the bases alleged by the Defendant at a later procedural juncture.

The allegations of the extant FLSA Complaint in *Paolicelli* would be measured in the same way. Does the Plaintiff allege a personal harm under the statute asserted? He does. Then, as alleged, are the claims asserted presented with sufficient factual back up from which it could be concluded that they are sufficiently similar in nature and consequence as are those of other Assistant Managers? Again, they appear to be. Is there any obvious impediment to the Plaintiff serving as a representative of others similarly situated? It appears not. Finally, would it appear from the Complaint that there are common legal issues that would predominate? While Wal-Mart may be correct that in the end this is the obstacle that would prohibit class action or collective action treatment due to individual circumstances of each Assistant Managers' work situation, it is simply too soon to tell. If, as alleged, there is highly systematized way of Wal-Mart doing business across Pennsylvania when it comes to the duties, hours and pay practices of Assistant Managers, then collective and/or class treatment may be perfectly appropriate. If, on the other hand, it turns out that store to store, person to person, what Assistant Managers do, and how and how much they do it, varies widely by location and time period, then collective or class treatment may not be available. Time, and discovery, will tell.

For the reasons noted, the Defendant's Motion to Dismiss in *Swank* is denied without prejudice to the reassertion of the grounds stated (or others) upon a fuller discovery record at either class certification or in a summary judgment motion. The Court will deny the Plaintiff's Motion to Consolidate these cases at docket No. 14-267 without prejudice, and will grant the Plaintiffs permission to file the Second Amended Complaint they filed in conjunction with that

Motion at ECF No. 18-1 in 14-267.[8] The Defendant shall file its response in 14-267 pursuant to Fed. R. Civ. P. 12 on or before April 22, 2015.[9] The Court will set a combined Status/Case Management Conference to be held shortly after that filing.

One more thing. As noted above, the Court previously entered an Order (after a hearing) limiting communications by counsel for each party with prospective class members and collective action participants, pending disposition of similar prior Motions. Text Order, Jan. 6, 2014. At that time, in support of the Defendant's Motion to so limit such communications, lead counsel for the Defendant took the position that she and her law firm had to be treated as being "the lawyers" for all Assistant Managers in Pennsylvania (that is those that might become class members or collective action participants) by virtue of the Defendant's belief that all such Assistant Managers had sufficient internal responsibilities, and ability to bind the Defendant, such that they each should be treated as "a client" of her and her law firm, in the same fashion as the corporate Defendant. *See* ECF No. 130 in 11-1185, at 118-121.

If so, it would appear to the Court that this could raise the specter of the disqualification of all counsel for the Defendant in these actions. That would be a very drastic step, and not one that the Court would take up lightly. It is also possible that "upon further review," so to speak, both the Defendant and its counsel may conclude that counsel's prior observations about such

---

[8] We are early in the proceedings, and the decisional law in our Circuit certainly counsels the grant of leave to amend unless the Court can conclude that any such amendment it would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The Plaintiffs, as required by the practices applicable to such Motion in our Circuit, have attached to their Motion the proposed Second Amended Complaint in *Paolicelli*. The Court has examined it, and the Court cannot and does not conclude that permitting it to be filed would be futile, so such leave to amend will be granted. It would appear to the Court that once that has been accomplished, and once the Defendant has responded per Rule 12, the next proper step would be to consolidate those cases at the lower docket number, 13-1185 in *Swank*, at least for pretrial purposes. It may be the better course thereafter for Plaintiffs to voluntarily dismiss *Swank*, if the SAC in *Paolicelli* is to be both the definitive pleading, and the document setting forth all the claims in this case as consolidated.

[9] The Court previously held any obligation to do so in abeyance. Text Order of April 8, 2014. That response could be an Answer under Rule 12(a), or a Motion under Rule 12(b). In regard to the latter, the Court would both urge and caution the Defendant to consider the ruling the Court makes in this Opinion as to the 12(b) Motion in *Swank*, and the decisional law relied upon by the Court.

matters were a bit extravagant. Thus, the Court will further address, at the above-noted Conference, the validity of the existing limitation order now binding all counsel and prohibiting them from any communication about anything dealing with these lawsuits and their claims and defenses with any current Assistant Managers. That Order remains in effect until the Court conducts a Case Management Conference, unless modified or vacated prior to that time upon Motion for cause shown. The Court will also take up at that time the status of Defendant's counsel in this action.[10]

An appropriate Order will be entered.

/s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: March 31, 2015

cc: All counsel of record

---

[10] The Defendant also filed a Motion to Strike a Sur-Reply filed by the Plaintiff in *Swank*. ECF No. 40. That Motion is denied.